# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

       Plaintiff,                 :        Case No. 3:09-cv-455

                                                    District Judge Thomas M. Rose
    -vs-                                          Magistrate Judge Michael R. Merz
                                             :

INDUSTRIAL COMMISSION
  OF OHIO, et al.,

       Defendants.

## ORDER WITHDRAWING FIRST REPORT AND RECOMMENDATIONS;
## SECOND REPORT AND RECOMMENDATIONS; ORDER TO CLERK

This action is before the Court for review prior to issuance of process upon the filing of Plaintiff's Amended Complaint. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding

1

whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff originally filed this case including claims against two separate groups of Defendants. The Magistrate Judge directed that the case be split into its component parts and Plaintiff has now done that, filing new Case No. 3:10-cv-28 and an Amended Complaint in this case. The first Report and Recommendations in this case (Doc. No. 4) addressed the original Complaint and it is hereby WITHDRAWN.

The filing of the Amended Complaint, however, does not obviate all the Court's concerns under 28 U.S.C. § 1915 addressed in the first Report and Recommendations. Those issues are addressed in this Second Report and Recommendations.

In his Background Discussion, Plaintiff avers that he was hired by Defendant Product Action International in September, 2004, at Huber Heights, Ohio, as a traveling inspector. In that capacity, he encountered an unsafe work environment at a TI Automotive Group Systems/Bundy Tubing )

Corporation (hereinafter "TI" plant in Sabina, Ohio. He alleges someone with the job title "forerunner" failed to notify TI management about hazardous and unsafe working conditions prior to September 16, 2004, when Plaintiff was "contracted out" to this location as an inspector. His work station was surrounded by gas tanks and he saw a co-worker turn the valves on those tanks twice on two separate occasions, resulting in his exposure to toxic gas. He claims this could not have happened "without the negligent actors of the TI Automotive Group." (Amended Complaint, Doc. No. 14, at ¶ 8.) He pleads they are liable under Ohio law prohibiting criminal damaging (orc 2909.06), Ohio's Workers' Compensation law, and the Federal Employer's Liability Act.

In Count 1 he claims his employer, Product Action International, is liable in negligence for to his exposure to the toxic fumes by not properly inspecting the worksite before sending him there. In Count 2 he claims Product Action International is liable for not providing him with medical care, terminating him while he was on sick leave, and causing negligent infliction of emotional distress.

In Count 3 Plaintiff sues TI for failing to properly store the gas tanks and failing to install safety guards. He also makes assertions about "dual capacity doctrine" which the Court does not understand.

Count 4 is a claim against the Administrator of Ohio Worker's Compensation for denial of occupational disease benefits without gathering a complete record, which Plaintiff alleges constitutes constitutional malfeasance, misconduct of a public official, concealing of evidence, violation of the Administrative Procedure Act, and negligent infliction of emotional distress.

In Count 5 Plaintiff sues the Industrial Commission of Ohio for deciding his case without providing him constitutionally required due process. In Count 6 he claims the Ohio Bureau of Worker's Compensation unconstitutionally concealed evidence in his case. Plaintiff seeks injunctive relief vacating the Industrial Commission's order in his case, compelling them to accept new information and reclassify his claim as one for occupational disease. He seeks release of Industrial

Commission records and particularly the name and concentration of the toxic gases to which he was exposed. He also seeks compensatory damages as follows:

1. $1.3 million from TI

2. $1.3 million from Product Action International

3. $1.2 million from the Ohio Bureau of Worker's Compensation

4. $1.3 million from the Industrial Commission of Ohio

5. $50,000 from the Administrator of the Ohio Bureau of Worker's Compensation

6. $50,000 from the unnamed co-worker who released the gas.

Under damages he lists the names of a deputy clerk of courts and Montgomery County Common Pleas Magistrate Robert Cowdrey along with four hearing officers of the Industrial Commission, but he does not seeks any damages from any of them.

Plaintiff attaches to the Amended Complaint five pages of citations to authority he claims gives this Court jurisdiction to hear his case and grant relief, including an argument about the Americans with Disabilities Act.

For the reasons set forth in the original Report and Recommendations, Magistrate Cowdrey, the deputy clerk of courts, and the four hearing officers are immune under the doctrine of absolute judicial immunity from any liability to Plaintiff for their actions in adjudicating his case. Plaintiff has not stated any claims against them and expressly seeks no damages, but there is no valid legal reasons for them to be parties to this case. All claims against these six named Defendants should be dismissed with prejudice.

The John Doe co-worker was not sued initially and has been added in the Amended Complaint. Even if that person had been named in the original Complaint, any negligence claim against him or her is barred by the two-year statute of limitations. In the original Complaint it was alleged that this person acted maliciously to expose Plaintiff to toxic gas. Such a claim of

4

intentional tort would be barred by the one-year statute of limitations. The claims against the John Doe co-worker should be dismissed with prejudice as barred by the statute of limitations. Claims against TI, the workplace owner, are also barred by the statute of limitations since this case was not brought until more than five years after the injury occurred.

The Amended Complaint fails to state a claim for relief against Product Action International for negligence. In Ohio the workers compensation scheme provides the sole method of compensation to workers for employer negligence in providing a safe work place. Plaintiff makes no claim of intentional tort by PDI which would take this case outside the workers compensation system. The claim against PDI should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

For the reasons set forth in the original Report and Recommendations, claims for money damages against the State of Ohio entities, to wit, the Bureau of Workers' Compensation, the Industrial Commission, and Marsha Ryan, the Administrator of the BWC, are barred by the Eleventh Amendment and should be dismissed without prejudice for lack of subject matter jurisdiction.

Finally, Plaintiff's attempt to obtain injunctive relief against the Industrial Commission and the Bureau of Workers Compensation runs afoul of the *Rooker-Feldman* doctrine. Although Plaintiff does not state all the facts about processing of his claim, it is evident from the Complaint and Amended Complaint that he appealed the final decision of the Industrial Commission to the Montgomery County Common Pleas Court and received a final judgment from that court.[1] To the extent Plaintiff is claiming denial of due process in the way his case was handled at the Industrial Commission, he either raised those claims in the Common Pleas Court or is barred from raising them by his failure to do so while that case was ongoing. When a constitutional claim asserted in a federal

---

[1] Plaintiff's claim against Deputy Clerk M. Kelly for mishandling his notice of appeal implies that he attempted unsuccessfully to appeal from the Common Pleas Court's final judgment.

proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985). The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." See also *DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir., 2004).

On the basis of the *Rooker-Feldman* doctrine, Plaintiff's claims for injunctive relief against the state entities should be dismissed without prejudice.

**Conclusion**

Based on the foregoing analysis, Plaintiff's Amended Complaint should be dismissed with or without prejudice according to the individual claims. The Clerk shall not issue process in this case pending further order of the Court.

January 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).