# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EARL RICHARDSON,

       Plaintiff,  :  Case No. 3:09-cv-455

                                          District Judge Thomas M. Rose
   -vs-                                  Magistrate Judge Michael R. Merz

                                    :

INDUSTRIAL COMMISSION
  OF OHIO, et al.,

       Defendants.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

---

This case is before the Court on Plaintiff's Motion for Relief from Judgment Pending Appeal and Leave to Appeal (Doc. No. 22), filed contemporaneously with Plaintiff's Notice of Appeal (Doc. No. 23).

Prior to December 1, 2009, a district court lost jurisdiction to consider a motion under Fed. R. Civ. P. 60(b) when an appeal was filed. *See, e.g., Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). As of that date, however, Fed. R. Civ. P. 62.1 became effective; Rule 62.1(a)(2) authorizes a district court to deny such a motion if the circumstances warrant.

A motion for relief from judgment is a post-judgment motion referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) and requiring a recommendation rather than a ruling.

Plaintiff's request is puzzling to the Court. He states that there is an "envelope dated (2/17/2010) February 17, 2010 that contained the computerized print out and notation" order that granted his motion for an extension of time to and including March 16, 2010, to file objections to the Magistrate Judge's Second Report and Recommendations. He has obviously seen that envelope

1

and its contents at some point in time or he would not be able to describe them to the Court. He asks the Court to review the envelope, but has not attached it to his filing. He claims an unnamed postal worker told him that "If it does not have our Stamp or bar code from the U.S. Postal Service we cannot say it was processed thru the U.S. Post Office." He does not say he showed the envelope itself to the unnamed postal worker. He claims that somehow this represent a mistake by the Court in trying to serve him.

All official mail from this Court is processed through one postage meter in the custody of the Clerk; postage stamps are not used. Outgoing mail from each judge's chambers is deposited in a box for collection, addition of postage, and deposit in the mail by a deputy clerk. This process has been uniform and in place for years before this case was filed. Whenever court personnel mail an order or other item to a *pro se* litigant, they annotate the docket to show the fact of mailing. The particular item in question is shown on the docket as mailed to plaintiff by the undersigned's judicial assistant on February 16, 2010, at 4:58 p.m. Because that is after the last mail pick up of the day, the envelope would have had postage affixed and been mailed out on February 17, 2010.

Thus the Court can find no basis for believing that the Notice of Electronic Filing for the notation order in question – which says a printed copy was sent to Plaintiff by ordinary mail – is inaccurate. If Plaintiff's claim is that somehow the Court is not using proper mail service, it is not well taken. If Plaintiff's claim is that he did not get the notation order, he has not said that, nor has he explained how he knows what the outside of the envelope says.

From another perspective, it does not matter whether Plaintiff actually received the copy of the notation order or not. He did receive the Second Report and Recommendations (Doc. No. 15) which was mailed to him on the date it was filed, January 29, 2010. That document expressly says that objections are due in seventeen days (fourteen plus three for service by mail) which made the objections due on February 16, 2010 (fourteen plus three plus the President's Day legal holiday on

February 15th). On that very day, February 16, 2010, Plaintiff did not file objections, but rather a request for a thirty-day extension of time (Doc. No. 16). The Court granted, in the contested-delivery notation order, a one month extension to March 16, 2010.

These facts leave the Plaintiff in a logically untenable position. If he never got the notation order, he should have assumed his motion for extension was not granted and the objections were due on February 16, 2010. Or he could have assumed that the Court granted the extension and the objections were due thirty days later, March 18, 2010. But even now, almost two weeks later, he has filed no substantive objections to the Second Report and Recommendations. Indeed, he does not seek relief from judgment so that he can now file objections. Rather, he asks the Court to amend the judgment to make it without prejudice "so that I can re-file this case at a later date with all my rights remedies preserved to continue pursuing this action. I further pray that said judgment be without penalties and that the claim remains tolled until it is refilled [sic]." (Motion, Doc. No. 22, at 2.)

This case is still at the stage of review under 28 U.S.C. § 1915; no process has issued. On initial review in December, 2009, the Magistrate Judge found all claims barred in some way: judicial immunity, Eleventh Amendment jurisdictional bar, statute of limitations, or failure to state a claim, and then recommended that they be dismissed without prejudice (Doc. No. 4). Plaintiff responded with an Amended Complaint (Doc. No. 5) which led to the further analysis in the Second Report and Recommendations. Plaintiff has still offered no substantive reason why the recommendations in that Report are wrong and should be rejected.

The Motion for Relief from Judgment should be denied.

March 31, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge